IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSE DAVIS,

        Plaintiff,

v.                                                    Case No. 23-cv-3813-NJR

WEXFORD HEALTH SOURCES, INC.,
NURSE PRACTITIONER BLUM,
DAVID MITCHELL, and
LATOYA HUGHES,

        Defendants.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jesse Davis, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Davis alleges Defendants were deliberately indifferent to his deteriorating mental health and shoulder pain in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

### The Complaint

In his Complaint, Davis makes the following allegations: For the past two years, Davis has suffered with left and right shoulder pain. The pain interferes with his ability to exercise, play sports, and lift weights (Doc. 1, p. 9). The pain causes him sleep deprivation, stress, and depression (*Id.*). Although he received several x-rays which came back negative, Nurse Practitioner ("NP") Blum acknowledged that he heard and felt popping and cracking in both of Davis's shoulders (*Id.*). But Blum refused Davis's requests for physical therapy, an MRI, or a referral to a specialist (*Id.*). Blum informed Davis that an MRI was too expensive and Davis could obtain further care upon his release (*Id.*). Davis specifically requested surgery for his shoulders, but Blum refused, stating that the procedure was extremely expensive (*Id.* at p. 10).

On April 11, 2022, Blum prescribed Davis an antidepressant for the symptoms associated with his depression and anxiety (*Id.* at p. 5). Davis requested pain medication for his shoulders, but Blum denied the request (*Id.*). Instead, Blum prescribed Davis Cymbalta, which Davis notes can cause suicidal thoughts, bipolar disorder, and other symptoms (*Id.*). Davis alleges that he should have been under observation for the first two to three months on the medication to ensure that he did not have worsening depression or any other side effects from Cymbalta (*Id.* at p. 5). He alleges that Blum failed to observe Davis and failed to notice his declining behavior (*Id.*). From April 2022 through July 2023, Davis received numerous disciplinary tickets for insolence, disobeying orders, fighting, and sexual misconduct (*Id.* at p. 6). On a number of occasions, he was placed on suicide watch (*Id.* at p. 6). Yet Davis alleges that Blum failed to connect his

behavior changes with the medication and failed to identify Davis as high risk prior to prescribing Cymbalta (*Id*.). Further, when Davis informed Blum of the side effects he was experiencing and his emotional state, Blum refused to change or stop the medication (*Id*.).

Davis alleges that he wrote grievances about his condition and issues with his Cymbalta prescription but Warden Mitchell and IDOC Director Latoya Hughes denied the grievances (*Id*. at pp. 7-8, 10). He also alleges that he sent a letter to Mitchell about his need for an MRI and additional care for his shoulders, but he never received a response.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

Count 1:    **Eighth Amendment deliberate indifference claim against NP Blum, David Mitchell, and Latoya Hughes for denying Davis care of his shoulders and refusing to change his depression medication.**

Count 2:    **Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for instituting a cost saving policy at Pinckneyville which prevented Davis from receiving specialized care for his shoulders.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

**Count 1**

At this stage, Davis states a viable claim in Count 1 against NP Blum. He alleges that Blum refused him additional care for his shoulders despite acknowledging that he heard and felt popping in the shoulders. Instead, he stated that additional care was too expensive, and Davis could receive care upon his release. As to his mental health, Davis alleges that although his behavior and mental health clearly declined while on the prescribed medication, Blum refused to alter or discontinue the medication despite Davis's requests. This is enough to state a claim at this stage. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

Davis fails to state a claim, however, against Warden David Mitchell and Latoya Hughes. He alleges that both officials denied grievances regarding his condition, but the simple denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). He further alleges that Hughes is involved in policies or customs at the institutional level, but he fails to allege how Hughes

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

participated in the cost-saving policies allegedly implemented by Wexford. Further, neither official can be liable for the actions of other employees because *respondeat superior*, or supervisor, liability does not apply to Section 1983 actions. Finally, Davis alleges that he wrote Mitchell asking for care for his shoulder pain, but there are no factual allegations to suggest that Mitchell received those letters or was aware of Davis's need for additional care. Thus, Davis fails to state a claim against David Mitchell and Latoya Hughes. The claims against them in Count 1 are **DISMISSED without prejudice**.

**Count 2**

Davis also states a claim against Wexford in Count 2 for its cost-saving policies which he alleges led to Blum's denial of care for his shoulders. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

<u>Disposition</u>

For the reasons stated above, Count 1 shall proceed as to NP Blum but is **DISMISSED without prejudice** as to David Mitchell and Latoya Hughes. Count 2 shall proceed against Wexford Health Sources, Inc.

The Clerk of Court shall prepare for Defendants NP Blum and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Davis. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Davis, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Davis, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Davis is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  February 6, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**Notice to Plaintiff**

      The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**